# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*U.S. Bank National Ass'n v. IN Retail Fund Algonquin Commons, LLC,*
**2013 IL App (2d) 130213**

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK NATIONAL ASSOCIATION, as Successor in Interest to Bank of America, N.A., Successor to Wells Fargo Bank, N.A., as Trustee for the Registered Holders of TIAA Seasoned Commercial Mortgage Trust 2007 C-4, Commercial Pass-Through Certificates, Series 2007-C4, Plaintiff-Appellee, v. IN RETAIL FUND ALGONQUIN COMMONS, LLC; IN RETAIL FUND, LLC; and INLAND COMMERCIAL PROPERTY MANAGEMENT, INC., Defendants-Appellants (Jeffrey R. Anderson Real Estate; Xtreme Fire Protection, Inc.; Mike Kokosis, d/b/a All Circuits Electric Inc.; Unknown Owners; and Nonrecord Claimants, Defendants). |
| District & No. | Second District<br>Docket No. 2-13-0213 |
| Filed | June 21, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the foreclosure of a commercial development, the appellate court dismissed defendants' appeal from various orders, including an order granting plaintiff's motion for substitution of judge and declining to enforce a local rule against plaintiff as to its motions for admission *pro hac vice*, a temporary restraining order, the appointment of a receiver, and leave to file an amended complaint, since defendants failed to establish jurisdiction pursuant to Supreme Court Rule 307(a)(1). |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 13-CH-12; the Hon. John G. Dalton, Judge, presiding. |

| | |
|---|---|
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Eugene S. Kraus, Miles V. Cohen, and Jason R. Sleezer, all of Scott & Kraus, LLC, of Chicago, for appellants. |
| | Jerry L. Switzer and Jean Soh, both of Polsinelli Shughart, P.C., of Chicago, and Brett D. Anders and Aaron Jackson, both of Polsinelli Shughart, P.C., of Kansas City, Missouri, for appellee. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Schostok and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendants IN Retail Fund Algonquin Commons, LLC, IN Retail Fund, LLC, and Inland Commercial Property Management, Inc., appeal various orders entered by the trial court. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

¶ 2                                      BACKGROUND

¶ 3    In December 2012, plaintiff, US Bank National Association, brought a complaint for foreclosure against defendants. The subject property is a commercial development in Algonquin, Illinois. On January 11, 2013, plaintiff moved for appointment of a receiver for the property. Also in January 2013, plaintiff filed (1) two motions for admission *pro hac vice*; (2) a motion for a temporary restraining order; and (3) a motion to file an amended complaint. The temporary restraining order that plaintiff sought would "restrain[ ] [defendants] from in any manner removing, destroying or diminishing the [c]ollateral," except that defendants would be permitted "to make use of the [c]ollateral in the ordinary course of their business and for payment of ordinary operating expenses currently incurred in the ordinary course of business."

¶ 4    On February 1, 2013, IN Retail Fund filed a motion to quash service of summons as noncompliant with Supreme Court Rule 101 (Ill. S. Ct. R. 101 (eff. May 30, 2008)). Also on February 1, the Honorable Edward C. Schreiber heard all of plaintiff's pending motions. At the hearing, defendants objected that the certificates of service for the motions were deficient. The trial court agreed and directed plaintiff to "re-notice" the motions. On February 8, 2013, plaintiff refiled the motions and also filed a motion to strike the jury demand of Inland Commercial Property Management. At a February 11 hearing, Judge Schreiber agreed with defendants that the refiled motions likewise had deficient certificates of service. Judge Schreiber again directed plaintiff to "re-notice" the motions. On February 14, plaintiff moved

-2-

for substitution of judge as a matter of right under section 2-1001(a)(2) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(2) (West 2010)). On February 22, plaintiff filed a "notice of motion" for each of the following motions: (1) two motions for admission *pro hac vice*; (2) a motion for appointment of a receiver; (3) a motion for a temporary restraining order; (4) a motion for leave to file an amended complaint; and (5) a motion to strike Inland Commercial Property Management's jury demand. Plaintiff did not file the motions themselves along with the notices, but stated that copies of the motions were previously served upon defendants. Meanwhile, the motion for substitution was granted and the case reassigned to the Honorable John G. Dalton.

¶ 5    On February 28, plaintiff's third round of motions (or, more precisely, notices) came up for hearing before Judge Dalton. Defendants now objected that plaintiff failed to comply with local rule 6.05(d) (16th Judicial Cir. Ct. R. 6.05(d) (June 20, 2001)), which provides that "[a] copy of the motion, any papers to be presented with the motion, and proof of service shall be served with the notice." Judge Dalton denied the objection. After argument on the merits of the motions, the trial court granted the motion for appointment of a receiver. In light of the appointment, plaintiff withdrew its motion for a temporary restraining order. The court then ordered that, pending the receiver taking possession of the property, defendants were enjoined "from making or cashing payments related to the property *** effective [immediately]." The court also granted plaintiff's remaining motions.

¶ 6    On March 1, Judge Dalton heard and denied IN Retail Fund's motion to quash service of summons. That same day, defendants filed a notice of appeal under Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010), which provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." On March 4, defendants amended the notice to identify 11 separate orders entered by the trial court on February 28 and March 1 in disposing of plaintiff's various motions and IN Retail Fund's motion to quash service of summons.

¶ 7                              ANALYSIS

¶ 8    Defendants argue that the trial court erred by (1) rejecting their objection that plaintiff violated local rule 6.05(d) by serving notices without accompanying motions; (2) denying IN Retail Fund's motion to quash service of summons; and (3) granting plaintiff's motion for substitution of judge as a matter of right. Notably, though defendants claim jurisdiction under a supreme court rule that permits appeals from interlocutory orders pertaining to injunctions, they do not challenge the substance of the injunctive order entered by the trial court. They believe nonetheless that we have jurisdiction over the various other orders. They reason that "[t]he Trial Court's Orders on these points–including the improper granting of the Motion for Substitution of Judge–taint all further orders entered by the Trial Court," and, therefore, "[i]t is appropriate for this Court to undertake review, in order to avoid such dire consequences, and before the trial court proceeding further advances." As authority, they cite two cases, *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184 (1994), decided by the Fourth District Appellate Court, and *Partipilo v. Partipilo*, 331 Ill. App. 3d 394

(2002), decided by the First District Appellate Court.

¶ 9    The defendant in *Berlin* moved for substitution of judge as a matter of right. The court denied the motion and later granted the plaintiff's motion for a preliminary injunction. The defendant appealed under Rule 307(a)(1). The defendant's sole challenge to the injunction was that it was entered by a judge for whom another judge should have been substituted. The appellate court held that jurisdiction under Rule 307(a)(1) lay nonetheless. In so ruling, the court acknowledged two authorities that appeared to instruct otherwise: *Murges v. Bowman*, 254 Ill. App. 3d 1071 (1993), and *City of Chicago v. Airline Canteen Service, Inc.*, 64 Ill. App. 3d 417 (1978), both decided by the First District Appellate Court. Both *Airline Canteen* and *Murges* were Rule 307(a)(1) appeals from injunctive orders, and in each case the trial court, prior to entering the injunction, denied a motion to change venue. See *Murges*, 254 Ill. App. 3d at 1076; *Airline Canteen*, 64 Ill. App. 3d at 423. The appellate court in each case held that its Rule 307(a)(1) jurisdiction did not extend to the order denying a change of venue. See *Murges*, 254 Ill. App. 3d at 1084; *Airline Canteen*, 64 Ill. App. 3d at 428. The court in *Airline Canteen* reasoned:

> "Only final judgments or orders are appealable unless the particular judgment or order comes within one of the specified exceptions set forth [in the Supreme Court rules]. The denial of a motion for change of venue is not a final order, nor does any Supreme Court rule authorize an appeal from an interlocutory order of such nature. [Citations.] *** An appeal under Rule 307 does not open up the door to a general review of all orders entered by the trial court up to that date. Interlocutory appeals are piecemeal in nature and Rule 307 provides for some very specific exceptions to the rules against piecemeal appeals." *Airline Canteen*, 64 Ill. App. 3d at 428.

¶ 10    Besides declining to review the venue challenge, the court in *Murges* held that it had no jurisdiction to consider the denial of the defendants' motion to dismiss the plaintiff's complaint on the ground that the plaintiff lacked legal capacity to sue. *Murges*, 254 Ill. App. 3d at 1084. The court said: "This order is not final and appealable, and the appeal from a later order under Rule 307 does not give this court jurisdiction to review the prior order denying the motion to dismiss." *Id.*

¶ 11    The court in *Berlin* declined to follow *Murges* and *Airline Canteen*, because the "difficulty with the[ir] holdings *** is that they permit a judge who should not be hearing a motion for interlocutory injunctive relief to hear that matter without the objecting party having any recourse." *Berlin*, 268 Ill. App. 3d at 186-87. As the *Berlin* court understood it, Rule 307 permits the reviewing court "to review any prior error that bears directly upon the question of whether the order on appeal was proper." *Id.* at 187.

¶ 12    *Berlin* cited one case to support its reading of Rule 307: *Kurle v. Evangelical Hospital Ass'n*, 89 Ill. App. 3d 45 (1980), decided by this court. In *Kurle*, the plaintiff filed a four-count complaint for wrongful termination and petitioned for injunctive relief. The defendant moved to dismiss count I of the complaint. At the hearing on the petition for an injunction and the motion to dismiss, the following occurred:

> "The motion to dismiss count I of the complaint and the petition for a preliminary injunction were heard and in effect denied by the trial court. The court then ascertained

-4-

that [the] defendant desired to stand on its motion to dismiss and did not intend to file an answer to the allegations of count I or to the petition. The judge then stated that he was ordering [the defendant] to reinstate the plaintiff with back pay, but then proceeded to hold an evidentiary hearing." *Id.* at 48.

At the conclusion of the hearing, the court entered an injunction. *Id.* The defendant appealed the injunction, and this court held that the trial court erred in conducting an evidentiary hearing on the petition, because "on a motion for a temporary injunction, where the defendant has not answered the complaint and where issues have not been joined, the court should not receive or consider evidence or affidavits." *Id.* This court went on to hold that the defendant had forfeited his objection to the evidentiary hearing by participating in it. *Id.*

¶ 13    The *Berlin* court reasoned that the issue of whether a substitution of judge should have been granted prior to a ruling on a petition for an injunction is "of equal significance" with the issue of whether the trial court should have held an evidentiary hearing on such a petition. *Berlin*, 268 Ill. App. 3d at 187. *Berlin* concluded that, if a reviewing court has jurisdiction to consider the latter, it has jurisdiction to consider the former.

¶ 14    As further support for reaching the substitution issue, the *Berlin* court noted that some Illinois decisions have held that the erroneous denial of a motion for substitution of judge has a tainting effect on subsequent orders in the trial court:

"While the judge from whom substitution was sought here is an able and respected jurist, the rationale of the procedure for substitution of judge is that the party seeking substitution perceives that the determination of the judge who hears the matter is likely to 'affect' the outcome of the matter before the judge. The importance of a proper ruling on a motion for substitution of judge is so great that some courts have held that the wrongful refusal of a proper request for substitution of judge renders all subsequent orders by that judge entered in the case void. [Citations.]" *Id.*

¶ 15    In *Partipilo*, the second case on which defendants rely here, the plaintiff appealed under Rule 307, challenging both the denial of her petition for injunctive relief and the trial court's prior denial of her motion for substitution of judge. The First District, following *Berlin* without question or comment, held that it had jurisdiction to review the substitution issue. *Partipilo*, 331 Ill. App. 3d at 398.

¶ 16    Neither *Berlin*, *Partipilo*, nor *Kurle* convinces us that we have jurisdiction over the orders that defendants challenge. As decisions from sister appellate districts, *Berlin* and *Partipilo* are not binding on this court. See *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1034 (2008). Moreover, since *Kurle* did not discuss the issue of jurisdiction, we cannot deem it precedential on the question involved here. There are, however, decisions from this district that expressly address the scope of jurisdiction under Rule 307. Based on their direction, which is consistent with that of *Airline Canteen* and *Murges*, we must conclude that we lack jurisdiction to review the orders that defendants challenge.

¶ 17    In *Olympic Federal v. Witney Development Co.*, 113 Ill. App. 3d 981 (1983), we cited *Airline Canteen* in saying:

"Only final judgments or orders are appealable unless the particular judgment falls

within one of the specified exceptions. Interlocutory appeals are piecemeal in nature, and Supreme Court Rule 307 provides for some very specific exceptions to piecemeal appeals." *Id.* at 983-84 (citing *Airline Canteen*, 64 Ill. App. 3d at 428).

We went on:

"An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to that date. [Citation.] However, certain other orders may be reviewable. For example, in the case of an interlocutory appeal from the granting of temporary injunctive relief, an appellant may ask the appellate court not only to determine whether the trial court properly exercised its discretion but also whether the complaint upon which the temporary injunction was based was proper to sustain an injunction. [Citation.] The right to injunctive relief necessarily brings into question the sufficiency of the complaint, and the defendant who does not stand on his motion to dismiss the complaint may nevertheless contend on appeal from an interlocutory order that the complaint does not set forth grounds for any relief. [Citation.] Thus, whether an order preceding an interlocutory order from which an appeal is taken may be considered during the interlocutory appeal depends on its relationship to the order appealed from." *Id.* at 984.

¶ 18        In *Olympic Federal*, the plaintiff filed a foreclosure action and later moved for possession of the subject property. Without first responding to the allegations in the complaint or the motion, the defendants filed a motion to strike the motion for possession on the ground that the plaintiff failed to establish that it was entitled to sue on the mortgage. After the trial court declined to strike the motion for possession, the defendants moved for leave to respond to the allegations of the motion for possession. The court denied this as well, and subsequently entered an order placing the plaintiff in possession. *Id.* at 985. The defendants appealed the order under Rule 307(a)(4) (Ill. S. Ct. R. 307(a)(4) (eff. July 1, 1982)), which permits an appeal from an order "placing or refusing to place a mortgagee in possession of mortgaged premises." We noted that, given the restricted scope of an interlocutory appeal under Rule 307, we could review "only orders attendant to the motion to be placed in possession" (*Olympic Federal*, 113 Ill. App. 3d at 984), *i.e.*, orders that "go to the sufficiency of the motion" (*id.* at 990). The defendants challenged both the denial of their motion to strike and the denial of their request for leave to respond to the motion for possession. We found that we had jurisdiction to review both orders. We recognized that "[g]enerally, the denial of a motion to strike or dismiss of itself is not an appealable order." *Id.* at 985. Since, however, the propriety of the order granting possession depended on the merits of the motion to strike, we could review the latter. *Id.*

¶ 19        In their motion to strike, the defendants raised the issue of whether the plaintiff was entitled to sue on the mortgage, given that it denominated itself as Olympic Federal while the listed mortgagee was Olympic Savings and Loan Association. According to the defendants, the plaintiff had to prove that it was the assignee of the mortgage. *Id.* at 990. The trial court found that the plaintiff established that it was formerly Olympic Savings and Loan Association, which had been converted into Olympic Federal, a federally chartered savings and loan. This court noted that, under Illinois statutes, "[a] merged savings and loan association or one converted from State to Federal is an ongoing entity that retains all of its

liabilities, rights, and interests in property without the need for a transfer." *Id.* at 991. Accordingly, the plaintiff did not need to prove an assignment of the mortgage. *Id.*

¶ 20    This court then addressed whether, the motion to strike having been properly denied, the defendants should have been permitted to respond to the allegations in the motion for possession. *Id.* at 986. This court held that the defendants were entitled under the rules of procedure to respond to the motion's allegations. *Id.* at 987.

¶ 21    Another illustrative decision from this court is *Executive Commercial Services, Ltd. v. Daskalakis*, 74 Ill. App. 3d 760 (1979), where the defendant appealed, under Illinois Supreme Court Rule 304 (eff. Jan. 1, 1970), the dismissal of her counterclaim and third-party complaint. The defendant asked us to address as well the trial court's denial, prior to the dismissal orders, of her motion to change venue. We held that we lacked jurisdiction to review that order. *Executive Commercial Services, Ltd.*, 74 Ill. App. 3d at 768. Noting that *Airline Canteen* had "resisted an attempt to bootstrap an appeal of a venue ruling onto an interlocutory appeal under Supreme Court Rule 307," we found "no reason why a similar conclusion is not warranted here for an appeal under Supreme Court Rule 304." *Id.*

¶ 22    We were correct to conclude that the jurisdictional questions in *Airline Canteen* and *Daskalakis* raised the same issue though under different supreme court rules. The jurisdictional holdings in those cases, as in *Olympic Federal*, were applications of the principle that, "[i]n an interlocutory appeal, the scope of review is normally limited to an examination of whether the trial court abused its discretion in granting or refusing to grant the interlocutory relief" (*Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 72 (2007)). In *Olympic Federal*, we recognized that review of an interlocutory order may well require review of "attendant" prior orders, *i.e.*, those intertwined with the merits of the interlocutory order.

¶ 23    Finally, we note *In re Marriage of Nettleton*, 348 Ill. App. 3d 961 (2004), cited by plaintiff as a counterpoint to *Berlin*. The respondent in *Nettleton* appealed, under Rule 304(b)(5) (Ill. S. Ct. R. 304(b)(5) (eff. Feb. 1, 1994)), a stipulated finding of indirect civil contempt that he procured in the trial court for the avowed purpose of challenging the court's prior denial of his motion for substitution of judge as a matter of right. *Nettleton*, 348 Ill. App. 3d at 963-64. The stipulation provided that the respondent refused to comply with the court's maintenance order. *Id.* We declined to follow *Berlin*, holding that we lacked jurisdiction to review the order denying substitution. We noted that to reach that order

> "would render meaningless all other rules requiring a final order by allowing a party to circumvent a trial court's refusal to include Rule 304(a) language in its order or its refusal to certify the issue pursuant to Rule 308 merely by refusing to comply with an order by which the party's refusal to comply would result in a contempt order and challenge all other orders with which the party is dissatisfied. See, *e.g.*, *Bearden v. Hamby*, 240 Ill. App. 3d 779, 784 (1992) (permitting review of a contempt finding but refusing to consider the trial court's ruling on the party's motion *in limine* because it was not a final and appealable order and it did not fall under any exceptions to the general rule that preliminary orders are not appealable). We therefore decline to subvert our supreme court's rules and precedent by considering respondent's requests for review of issues not properly before us at this juncture." *Id.* at 971.

Implicit in these remarks was our determination that the substitution and contempt issues were not substantively linked and, therefore, that the order denying substitution was not properly before us.

¶ 24 Based on the approach of *Olympic Federal* and the other authorities from this court, we conclude that we lack jurisdiction to review any of the orders that defendants challenge. Defendants' first contention on appeal is that the trial court erred in declining to enforce local rule 6.05(d) against plaintiff as to its motions (1) for admission *pro hac vice*; (2) for a temporary restraining order; (3) for appointment of a receiver; (4) for leave to file an amended complaint; and (5) to strike Inland Commercial Property Management's jury demand. Their second contention is that the trial court erred in denying IN Retail Fund's motion to quash service of summons for noncompliance with Illinois Supreme Court Rule 101. According to *Olympic Federal*, 113 Ill. App. 3d at 984, our review under Rule 307(a)(1) extends to any orders "attendant" to the injunctive order that forms the basis for jurisdiction. Defendants make no attempt to establish a link between any of the challenged orders and the injunctive order, other than to claim broadly that the challenged orders "taint[ed]" all further orders below. As the appellants, defendants have the burden to establish our jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008)), and here that requires them to prove an exception to the general rule in Illinois that the denial of a motion to dismiss (to which the challenged orders may be likened) is not a final and appealable order (see *Olympic Federal*, 113 Ill. App. 3d at 985). See *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395, 415 (2007) ("It is *** well settled in this state that a trial court's denial of a motion to dismiss is an interlocutory order that is not final and appealable."). Defendants have not carried that burden.

¶ 25 Defendants have also failed to establish our jurisdiction over the order granting plaintiff's motion for substitution of judge. We recognize, as did the court in *Berlin*, that the erroneous *denial* of a motion for substitution of judge as a matter of right renders void all subsequent orders in the case. See *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002) (reversing both erroneous denial of substitution as a matter of right and all subsequent orders in the case). We know of no authority, however, suggesting that the erroneous *grant* of a motion for substitution–as is alleged here–has a like effect. In any case, our supreme court has seen fit not to provide specifically for interlocutory appeals of *any* order disposing of a motion for substitution. Evaluated under the criteria of *Olympic Federal*, the trial court's grant of plaintiff's substitution motion was no more "attendant" to its later injunctive order than the order denying a change of venue in *Daskalakis* was to the later injunctive order in that case. *Nettleton* is further support for this conclusion.

¶ 26                                          CONCLUSION

¶ 27 For the foregoing reasons, we hold that Rule 307(a)(1) affords us no jurisdiction to review the various orders defendants challenge. Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 28 Appeal dismissed.