NOTICE

Decision filed 12/23/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190380

NO. 5-19-0380

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LVNV FUNDING, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-L-562 |
| | ) | |
| CASEY DAVIS, as Independent Administrator of the | ) | |
| Estate of Guillermo Macia, Individually and on | ) | |
| Behalf of Class Defined Herein, | ) | |
| | ) | |
| Defendant and Counterplaintiff-Appellee | ) | |
| | ) | |
| (Alegis Group, LLC; Resurgent Capital Services LP; | ) | Honorable |
| and Sherman Financial Group, LLC, Third-Party | ) | Andrew J. Gleeson, |
| Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Boie and Justice Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff/counterdefendant, LVNV Funding, LLC (LVNV), along with the third-party defendants, Alegis Group, LLC, Resurgent Capital Services LP, and Sherman Financial Group, LLC, appeal, pursuant to Illinois Supreme Court Rule 306(a)(8) (eff. Oct. 1, 2019), the August 5, 2019, order of the circuit court of St. Clair County that granted the motion of the defendant/counterplaintiff, Casey Davis, as independent administrator of the estate of Guillermo Macia, to certify a class as to count I of Davis's counterclaim, which alleges a violation of section

1

8b of the Collection Agency Act (Act) (225 ILCS 425/8b (West 2012)). For the following reasons, we reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     On December 26, 2012, LVNV filed a complaint against Guillermo Macia in the circuit court of St. Clair County. The complaint requested payment for a debt Macia owed to Chase Bank USA for use of a credit card. According to the complaint, Chase Bank USA assigned, "for value," its rights under the credit card agreement to LVNV "per Exhibit B." Thereafter, Macia filed a class action counterclaim against LVNV, as well as third-party claims against Alegis Group, LLC, Resurgent Capital Services LP, and Sherman Financial Group, LLC (collectively, the defendants).[1]

¶ 4     Macia's counterclaim alleges that LVNV is a licensed debt collection agency that is "in the business of purchasing or acquiring defaulted debts, including debts originally owed to others and incurred for personal, family, or household purposes." Count I of the counterclaim requests money damages as a result of the defendants' alleged violation of section 8b of the Act. *Id.* In particular, count I alleges that the defendants violated section 8b of the Act in the following ways: (1) filing suit without having an assignment in the form specified by section 8b and (2) filing suit without attaching an assignment in the form specified by section 8b.

¶ 5     On January 21, 2014, the circuit court was informed that Macia had died, and Davis was substituted as the representative for his estate. On April 30, 2018, Davis filed an amended motion for partial class certification, requesting class certification for count I of the class action counterclaim only. On August 14, 2018, after full briefing by the parties, the circuit court held a

---

[1]The third-party claim alleges the following relationship between LVNV and the third-party defendants: (1) Resurgent Capital Services LP manages and services domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs debt collection services on their behalf; (2) Alegis Group, LLC, is the sole general partner of Resurgent Capital Services LP; and (3) "LVNV and Resurgent [Capital Services LP] are under common ownership and management, and both are a part of Sherman Financial."

hearing on the amended motion for partial class certification and took the matter under advisement. On August 5, 2019, the circuit court entered an order certifying the following class:

"*THE ILLINOIS CLASS*: All individuals who have been named as a defendant in a collection lawsuit filed in an Illinois court, since January 1, 2008, to this date, where any of the 'debt collectors' was a named plaintiff, and the lawsuit, on the date it was filed, did not comply with the provisions of the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*, in that the debt collector was not in possession of a valid assignment of the purported debt and/or failed to attach same to the Complaint.

Further, the Court *HEREBY FINDS* that the term 'debt collector,' as defined by the Illinois Class, means:

'*DEBT COLLECTORS*': Counter-Defendant and Third Party Defendants and any other entities or individuals associated in fact with the above or which are owned, wholly or in part, managed, agents, employed by, or otherwise controlled by the above." (Emphases in original.)

¶ 6 On September 4, 2019, the defendants filed a petition for leave to appeal from the circuit court's order certifying the class. On October 2, 2019, this court entered an order allowing the appeal.

¶ 7 II. ANALYSIS

¶ 8 This court has explained the standards we are to employ when reviewing an order granting class certification as follows:

" 'The decision regarding class certification is within the discretion of the trial court and will not be disturbed on appeal unless the trial court abused its discretion or applied impermissible legal criteria.' *Cruz v. Unilock Chicago, Inc.*, 383 Ill. App. 3d 752, 761

3

(2008) (citing *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 447 (2006)). 'The proponent of the class action bears the burden to establish all four of the prerequisites set forth in section 2-801 [of the Code of Civil Procedure (735 ILCS 5/2-801 (West 2002))].' *Cruz*, 383 Ill. App. 3d at 761 (citing *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125 (2005)). However, as indicated by the Illinois Supreme Court in *Barbara's Sales, Inc.* [*v. Intel Corp.*, 227 Ill. 2d 45, 72 (2007)], there is no need to determine whether the prerequisites of the class action are satisfied if, as a threshold matter, the record establishes that the plaintiffs have not stated an actionable claim." *Coy Chiropractic Health Center, Inc. v. Travelers Casualty & Surety Co.*, 409 Ill. App. 3d 1114, 1118 (2011).

¶ 9    The defendants ask this court to consider whether there is a private right of action under the Act and to reverse the class certification on the basis that no such private right of action exists. We decline to do so because, as an initial matter, we find that count I fails to state an actionable claim against the defendants. Count I of the class action counterclaim, upon which the class was certified in this case, is predicated on LVNV's alleged violation of section 8b of the Act. 225 ILCS 425/8b (West 2012). Specifically, count I is based upon LVNV's filing of a collection lawsuit against Macia in December 2012 without possessing an assignment that complies with section 8b and/or without attaching that assignment to the complaint. Section 8b of the Act provides, in relevant part, as follows:

"Assignment for collection. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

4

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

(i) the effective date of the assignment; and

(ii) the consideration for the assignment.

* * *

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law." *Id.*

¶ 10    Our colleagues in the First District explained the scope of section 8b's requirements in *Unifund CCR Partners v. Shah*, 2013 IL App (1st) 113658. In *Shah*, the court began by explaining the distinction between first-party collection, assignment for collection, and the sale of a debt:

"First, the creditor may try to collect the debt itself by bringing an action in its own name against the debtor. Alternatively, the creditor may hire a third party, known as a collection agent, to pursue the lawsuit against the debtor. In this situation, the creditor assigns legal title in the debt to the collection agent but retains equitable title for itself. *This type of partial assignment is known as an assignment for collection.* Finally, the creditor may decide to sell off its entire interest in the account to a third party, commonly known as a debt buyer. By doing so, the creditor divests itself of both legal and equitable title and retains no ownership interest in the debt." (Emphasis added.) *Id.* ¶ 5 (citing *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008) (explaining generally the history of assignments for collection and the legal/equitable title dichotomy)).

5

¶ 11    As pointed out by the court in *Shah*, section 8b of the Act (225 ILCS 425/8b (West 2012)) is titled " 'Assignment for collection' " and refers only to "an account that is 'assigned *to a collection agency* for collection with title passing *to the collection agency to enable collection* of the account in the agency's name as assignee for the creditor.' " (Emphases in original.) *Shah*, 2013 IL App (1st) 113658, ¶ 14. According to the *Shah* court, "[t]his is a textbook definition of an assignment for collection, which is a specific legal concept that refers to the transfer of only legal title for the sole purpose of collecting a debt on behalf of the creditor." *Id.* As the *Shah* court explained, "assignment for collection is distinct from a sale, which refers to the transfer of *both* legal and equitable title." (Emphasis in original.) *Id.* (citing *Sprint*, 554 U.S. at 275-80 (historical overview of the evolution of the assignability of choses in action)).

¶ 12    In subsection (a), which explains the documentation necessary to effectuate an assignment for collection, we find further support for the conclusion that the legislature did not intend for section 8b of the Act (225 ILCS 425/8b (West 2018)) to apply in cases where a debt buyer is pursuing litigation on its own behalf. Subsection (a) specifies that an assignment for collection be "separate from and in addition to any document intended for the purpose of listing a debt with a collection agency." *Id.* § 8b(a). In a debt buyer situation such as in the case at bar, a debt is not listed with the buyer as a collection agency but instead sold to the buyer outright. In addition, subsection (e) refers to "licensee as plaintiff" and requires that "the licensee is represented by a licensed attorney at law" (*id.* § 8b(e)), indicating that the plaintiff to which it refers merely has a license to pursue litigation, rather than ownership of the cause of action.

¶ 13    Based on the foregoing, we agree with the conclusion in *Shah* that "[b]y referring specifically to assignments for collection, the plain language of section 8b indicates that the legislature intended to exclude sales of an account to a debt buyer from the section's reach." *Shah*,

2013 IL App (1st) 113658, ¶ 14. Accordingly, while a debt buyer is required to meet the requirements of section 2-403(a) of the Code of Civil Procedure (735 ILCS 5/2-403(a) (West 2018)), which requires that the assignee and owner of a cause of action allege on oath in the pleading that he or she is the actual *bona fide* owner thereof, and set forth how and when he or she acquired title, a debt buyer is not subject to the requirements of section 8b of the Act.[2]

¶ 14    In 2013, the legislature amended the Act to explicitly exempt assignments to debt buyers from the requirements of section 8b of the Act by providing, in section 8.6(b), as follows:

> "With respect to its activities as a debt buyer in pursuing the collection of accounts it owns, a debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except that a debt buyer shall not be required to *** (iv) adhere to the assignment for collection criteria under Section 8b of this Act." 225 ILCS 425/8.6(b) (West 2018).

¶ 15    We find the above-quoted 2013 amendment to the Act, added via Public Act 97-1070 (eff. Jan. 1, 2013), was intended to clarify the legislature's original intent to apply section 8b of the Act (225 ILCS 425/8b (West 2018)) only to "assignments for collection" and not to debt buyers collecting on their own behalf. "A subsequent amendment to a statute may be an appropriate source for discerning legislative intent." (Internal quotation marks omitted.) *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284, 298-99 (2010). "[W]hile an amendatory change in the language of a statute creates a presumption that it was intended to change the law as it previously existed, ' "the presumption is not controlling [citations] and may be overcome by other considerations." ' " *Id.* at

---

[2]We hold only that section 8b of the Act (225 ILCS 425/8b (West 2018)) does not apply to a debt buyer that files a lawsuit on its own behalf to collect a debt it has purchased. A debt buyer meets the definition of " '[c]ollection agency' " under the Act if, in the ordinary course of its business, it engages in collection activities on behalf of itself or others. *Id.* § 2. As such, if a debt buyer engages in such activities, it is subject to other requirements of the Act, such as registration (*id.* § 4) and qualifications for license (*id.* § 7), and is subject to disciplinary action by the Department of Financial and Professional Regulation for the conduct set forth in section 9 of the Act (*id.* § 9).

299 (quoting *People v. Parker*, 123 Ill. 2d 204, 211 (1988), quoting *People v. Nunn*, 77 Ill. 2d 243, 248 (1979)).

¶ 16 If the circumstances surrounding an amendment to a statute indicate that the legislature only intended to interpret the original act, the presumption of an intention to change the law is rebutted. *Id.* We find this to be the case here. At the time the General Assembly was considering House Bill 5016 (the bill that would become Public Act 97-1070), Senator Kirk Dillard, who was a co-sponsor of the bill, explained at the bill's third reading that the bill was "an effort to improve the Collection Agency Act by clarifying the definition and regulation of debt buyers." 97th Ill. Gen. Assem., Senate Proceedings, May 25, 2012, at 25 (statements of Senator Dillard). Because the 2013 amendment is consistent with a reasonable interpretation of the prior enactment, as set forth above, and the legislative history indicates the amendment was intended as a clarification, we find the change effected by the amendment was a formal change intended merely to interpret the original act. See *K. Miller Construction Co.*, 238 Ill. 2d at 299 (citing 1A Norman J. Singer, Statutes and Statutory Construction § 22.30, at 366, 374-75 (6th ed. 2002 rev.)).

¶ 17 Based on the foregoing, we find that the requirements of section 8b of the Act (225 ILCS 425/8b (West 2018)) do not apply to debt buyers pursuing collection litigation on their own behalf. As such, count I fails to state a claim against the defendants based on the facts alleged in the complaint. As a result, the circuit court erred in granting Davis's motion to certify a class as to count I of his complaint. See *Coy Chiropractic Health Center, Inc.*, 409 Ill. App. 3d at 1118 (citing *Barbara's Sales*, 227 Ill. 2d at 72).

¶ 18 We note that even if we were to find that section 8b applied to debt buyers pursuing litigation on their own behalf, the class, as certified, would be improper. The class definition encompasses all cases where the defendants were "not in possession of a valid assignment of the

8

purported debt *and/or failed to attach same to the [c]omplaint.*" (Emphasis added.) However, section 8b of the Act (225 ILCS 425/8b (West 2018)) contains no requirement that an assignment be attached to the complaint. Rather, section 8b requires only there is an assignment of the account that meets the requirements of that section. *Id. Candice Co. v. Ricketts*, 281 Ill. App. 3d 359 (1996), the case upon which Davis relies for the contention that a violation of section 8b may be predicated on the failure to attach such an assignment, is completely irrelevant. That case found that an assignee of a contractor may file a claim under the Mechanics Lien Act (770 ILCS 60/0.01 *et seq.* (West 1992)) but must attach the assignment to the complaint pursuant to section 2-606 of the Code of Civil Procedure (735 ILCS 5/2-606 (West 1992)). *Candice Co.*, 281 Ill. App. 3d at 362. Accordingly, while it may be a violation of section 2-606 of the Code of Civil Procedure to fail to attach an assignment to the complaint, it is not a violation of section 8b of the Act.

¶ 19    Finally, the defendants seek to have this court review an order of the circuit court denying the motion to dismiss as to Sherman Financial Group, LLC, based on a lack of jurisdiction, as well as an order compelling them to produce certain documents. These orders are outside of our scope of review. Our jurisdiction over this appeal is based on Illinois Supreme Court Rule 306(a)(8) (eff. Oct. 1, 2019), which permits an interlocutory appeal by permission of an order denying or granting class certification. The propriety of the order denying class certification is in no way dependent on the merits of the order denying the motion to dismiss as to Sherman Financial Group, LLC, nor the order compelling discovery. Accordingly, we have no jurisdiction to review those orders as part of this appeal. See *U.S. Bank National Ass'n v. IN Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 18 (on interlocutory appeal, court only has jurisdiction to review orders that go to the sufficiency of the order appealed from).

¶ 20                                   III. CONCLUSION

¶ 21    For the foregoing reasons, we reverse the August 5, 2019, order of the circuit court of St.

Clair County that granted Davis's motion for partial class certification and remand for further

proceedings not inconsistent with this opinion.

¶ 22    Reversed and remanded.

**No. 5-19-0380**

| | |
|---|---|
| **Cite as:** | *LVNV Funding, LLC v. Davis*, 2020 IL App (5th) 190380 |
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 13-L-562; the Hon. Andrew J. Gleeson, Judge, presiding. |
| **Attorneys for Appellant:** | Nabil G. Foster and Louis J. Manetti Jr., of Hinshaw & Culbertson LLP, of Chicago, for appellants. |
| **Attorneys for Appellee:** | David Cates, of Cates Mahoney, LLC, of Swansea, and Sean K. Cronin, of Donovan Rose Nester, P.C., of Belleville, for appellee. |