2026 IL App (1st) 250414-U

No. 1-25-0414

Order filed June 8, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KAMERON of the FAMILY HUCKLEBY, UCC 1-308, All Rights Reserved, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23 L 12469 |
| THOMAS J. DART, KIMBERLY FOXX, THE HONORABLE WILLIAM GAMBONEY, and the COOK COUNTY DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendants | ) ) | |
| (The Honorable William Gamboney, Defendant-Appellee). | ) ) ) | Honorable Barbara N. Flores, Judge, presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss this appeal when our jurisdiction is not apparent from the record.

¶ 2 Plaintiff Kameron of the Family Huckleby, UCC 1-308, All Rights Reserved, appeals *pro se* from the trial court's order striking his motion to "Reinstate [the] Case." On appeal, plaintiff contends that he was denied his constitutional, human, and civil rights, and suffered false arrest and imprisonment. He further contends that the trial court erred by "not granting [his] motions due to lack of evidence and not proper protocol." For the following reasons, we dismiss.

¶ 3 The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record.

¶ 4 On December 12, 2023, plaintiff filed a *pro se* complaint against defendants Thomas H. Dart, Kimberly Foxx, the Honorable William Gamboney (Judge Gamboney), and the Cook County Department of Corrections, alleging that he was incarcerated during the "COVID-19 era," placed in "condemned divisions," and subsequently "exonerated." The complaint alleged that plaintiff experienced "inhumane living situations," wrongful arrest, mental anguish, "punitive damage," unfairness, corruption, malicious prosecution, "qualitive damage," lost wages, civil rights violations, "threat of physical danger," "prejudice profiling," mental depression and stress, and pain and suffering. Plaintiff sought $1,100,000 in "compensation," in addition to "commissarry [*sic*]" and $162 per day of "incarceration."

¶ 5 Judge Gamboney filed a motion and amended motion to dismiss pursuant to the Code of Civil Procedure (Code) raising theories of judicial immunity, sovereign immunity, and public official immunity. See 735 ILCS 5/2-619 (West 2024). In the alternative, Judge Gamboney argued that defendant failed to state a claim. See 735 ILCS 2-615 (West 2024).

¶ 6 On June 11, 2024, following a hearing, the trial court entered an order stating that Judge Gamboney's amended motion to dismiss was heard without plaintiff present in court.

¶ 7    On July 10, 2024, the trial court granted Judge Gamboney's amended motion to dismiss as to section 2-619 of the Code with prejudice in a written order. The court also granted Judge Gamboney's amended motion to dismiss as to section 2-615 of the Code. The order did not reference a disposition as to the remaining defendants and did not contain language pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 8    A November 12, 2024, trial court order stated that the cause came before the court for administrative status. A checked box on the order specified that the "Case [was] previously disposed of on July 10, 2024."

¶ 9    On February 4, 2025, plaintiff filed a motion to "Reinstate [the] Case," alleging that he did not receive a "fair hearing." Subsequently, Judge Gamboney filed a response alleging that the motion should be stricken for lack of jurisdiction because it was filed more than 30 days after the complained-of order.

¶ 10    On March 5, 2025, the trial court held a hearing on the motion. Plaintiff and counsel for Judge Gamboney appeared. The trial court found the motion untimely and struck it. That same day, plaintiff filed a notice of appeal from the trial court's March 5, 2025, order.

¶ 11    On appeal, plaintiff contends that he was denied constitutional, human, and civil rights, and suffered false arrest and imprisonment. He further contends that the trial court erred by "not granting [his] motions due to lack of evidence and not proper protocol."

¶ 12    Initially, our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Although plaintiff used a preprinted form, his brief contains no citations to the record and lacks cohesive legal arguments and reasoned bases for those arguments in violation of

Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that plaintiff's brief fails to comply with Rule 341(h)(7), it would be within our discretion to dismiss this appeal on that basis. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. However, we decline to do so, as plaintiff's notice of appeal identifies the trial court's March 5, 2025, order, as the order appealed from and we have the benefit of a cogent appellee's brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 13    Before reaching the merits of plaintiff's appeal, we must ascertain our jurisdiction. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009) (a reviewing court has an independent duty to consider its jurisdiction). It is plaintiff's burden, as the appellant, to demonstrate this court's jurisdiction. See *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24 ("[a]s the appellants, defendants have the burden to establish our jurisdiction" (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008))). Our jurisdiction must be apparent on the appellate record (*Tunca v. Painter*, 2012 IL App (1st) 093384, ¶ 25), which plaintiff, as the appellant, bears the burden of providing (*People v. Resendiz*, 2020 IL App (1st) 180821, ¶ 35). Whether appellate jurisdiction exists is a question of law, which we review *de novo*. *Gardner v. Mullins*, 234 Ill. 2d 503, 508 (2009).

¶ 14    This court's "jurisdiction is limited to the review of appeals from final judgments, unless otherwise permitted under the Illinois Supreme Court Rules or by statute." *In re Estate of Cerami*, 2018 IL App (1st) 172073, ¶ 31. Illinois Supreme Court Rule 303 requires that a notice of appeal

be filed with the clerk of the circuit court within 30 days of the entry of a final judgment, or, if a timely postjudgment motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last postjudgment motion directed against that judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Section 2-1203(a) of the Code, in turn, requires that a postjudgment motion in a non-jury case be filed within 30 days of the judgment. 735 ILCS 5/2-1203(a) (West 2024).

¶ 15    "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc*., 178 Ill. 2d 496, 502 (1997). A dismissal with prejudice is usually considered a final judgment, although such an order is not always immediately appealable. *Id.* Relevant, here, Supreme Court Rule 304(a) provides that, if multiple parties or claims are involved in an action, a Rule 304(a) finding is required before a final order disposing of fewer than all claims in the action is immediately appealable. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *Dubina*, 178 Ill. 2d at 502. Without a Rule 304(a) finding, such a final order does not become appealable until all claims in the multiclaim litigation have been resolved; once the action is terminated in its entirety, all final orders then become appealable under Rule 301. *Dubina*, 178 Ill. 2d at 502-03.

¶ 16    Here, plaintiff filed a complaint against Judge Gamboney and three other defendants. Subsequently, Judge Gamboney filed a motion and amended motion to dismiss. On July 10, 2024, the trial court granted the amended motion to dismiss as to Judge Gamboney. On February 4, 2025, more than 30 days later, plaintiff filed an untimely motion to "[r]einstate." On March 5, 2025, the trial court struck that motion. Plaintiff then filed a timely appeal from the trial court's order striking the untimely motion to "Reinstate [the] Case." See Ill S. Ct R. 303(a)(1) (eff. July 1, 2017).

¶ 17　Had the trial court's July 10, 2024, order been a final judgment, this court would have had jurisdiction over plaintiff's present appeal from the striking of his untimely postjudgment motion, albeit limited to reviewing the trial court's jurisdiction. See, *e.g.*, *People v. Bailey*, 2014 IL 115459, ¶¶ 8, 29 (circuit court loses jurisdiction 30 days after the entry of a final judgment and on appeal, this court is "limited to considering the issue of jurisdiction below"). The record before us, however, does not establish that the July 10, 2024, order was final.

¶ 18　That order, as noted, granted Judge Gamboney's amended motion to dismiss only as to Judge Gamboney, without reference to the other defendants and without including language pursuant to Rule 304(a). See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (if multiple parties or claims are involved in an action, a Rule 304(a) finding is required before a final order disposing of fewer than all parties or claims in the action is immediately appealable). Indeed, the record on appeal does not contain an order disposing of the case as to defendants Dart, Foxx, and the Department of Corrections. While the trial court's administrative status order of November 12, 2024, checked the box stating that the "Case [was] previously disposed of on July 10, 2024," the July 10, 2024, order only disposed the case as to Judge Gamboney. Plaintiff does not address this court's jurisdiction. See *U.S. Bank National Ass'n*, 2013 IL App (2d) 130213, ¶ 24 (it is the appellant's burden to establish the reviewing court's jurisdiction). Under these circumstances, where plaintiff appeals from an order dismissing an untimely motion to reconsider a non-final judgment, the record does not reveal a basis for appellate jurisdiction. See *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 941 (2002) (this court "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction").

¶ 19    As this court is unable to determine its jurisdiction on the record before us, we must dismiss this appeal. See *id.* (we "cannot presume that we have authority to decide an appeal on the basis of a record insufficient to show our jurisdiction").

¶ 20    Appeal dismissed.