OLYMPIC FEDERAL, Plaintiff-Appellee, *v.* WITNEY DEVELOPMENT CO., INC., *et al.*, Defendants-Appellants.—(Edwin P. Witwicki *et al.*, Defendants.)

Second District   No. 82—916

Opinion filed April 8, 1983.

John B. Murnighan, of Kovar, Nelson & Brittain, of Chicago, for appellants.

Mark T. Hamilton, of Morrissey & Kay, of Oak Brook, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:
The plaintiff, Olympic Federal, a federally chartered savings and loan association, successor to Olympic Savings and Loan Association,

an Illinois savings and loan association, brought an action against the defendants, Witney Development Co., Inc., Western National Bank of Cicero, as Trustee, Edwin P. Witwicki, and "Unknown Owners," to foreclose a mortgage. The trial court entered an interlocutory order placing the plaintiff in possession of the property as mortgagee, and defendants Witney Development Co., Inc., and Western National Bank of Cicero appealed.

The issues presented for review are: (1) whether, following the denial of the defendants' motion to strike the plaintiff's motion to be placed in possession as mortgagee, the trial court should have granted the defendants' request for leave to respond to or answer the plaintiff's motion to be placed in possession or should have held a hearing on the plaintiff's motion based on the defendants' verified answer, and (2) whether it was error for the plaintiff not to comply with section 2—403 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—403), in light of its conversion from a State to a Federal savings and loan association.

Olympic Savings and Loan Association was the mortgagee of certain land located in Grayslake, Illinois, that includes a golf course and country club. The mortgage was dated November 12, 1973. On March 19, 1982, the plaintiff filed a complaint to foreclose that mortgage.

On August 4, 1982, the plaintiff moved the court to place the plaintiff, as mortgagee, in possession of the property and to grant the plaintiff authority to collect the rents, issues, and profits from the property and apply them to the mortgage loan balance. That motion was later amended, motions to strike it were denied, and the court ultimately granted the motion and placed the plaintiff in possession of the premises, staying its order pending a determination of the bond requirement of the plaintiff. From that order the defendants filed this interlocutory appeal.

At the outset, it is necessary to determine the scope of this appeal. The order from which the appeal is taken, entered November 3, 1982, ordered that the plaintiff be placed in possession of the mortgaged premises. Under Supreme Court Rule 307(a)(4) (87 Ill. 2d R. 307(a)(4)), such an order is immediately appealable as a matter of right. However, the defendants' contentions of error on appeal are directed largely at earlier orders, including the denial of the defendants' motion to strike the plaintiff's amended motion to be placed in possession and the subsequent denial of the defendants' motion to reconsider the request for time to respond to or answer the plaintiff's amended motion.

Only final judgments or orders are appealable unless the particu-

lar judgment falls within one of the specified exceptions. Interlocutory appeals are piecemeal in nature, and Supreme Court Rule 307 provides for some very specific exceptions to piecemeal appeals. (*City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 428.) An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to that date. (*Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1151.) However, certain other orders may be reviewable. For example, in the case of an interlocutory appeal from the granting of temporary injunctive relief, an appellant may ask the appellate court not only to determine whether the trial court properly exercised its discretion but also whether the complaint upon which the temporary injunction was based was proper to sustain an injunction. (*Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 600.) The right to injunctive relief necessarily brings into question the sufficiency of the complaint, and the defendant who does not stand on his motion to dismiss the complaint may nevertheless contend on appeal from an interlocutory order that the complaint does not set forth grounds for any relief. (*Biehn v. Tess* (1950), 340 Ill. App. 140, 145.) Thus, whether an order preceding an interlocutory order from which an appeal is taken may be considered during the interlocutory appeal depends on its relationship to the order appealed from.

■ In the case at bar, only orders attendant to the motion to be placed in possession are cognizable on this appeal. Besides the order finally ruling on the motion to be placed in possession, this includes the defendants' motions to strike and motion to reconsider.

The defendants' position is that they were improperly denied the opportunity for a hearing, pursuant to statute, on the issue of whether the plaintiff should have been placed in possession pending resolution of the foreclosure action. The placing of a mortgagee in possession of the mortgaged premises is governed by article 15, part 3 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 15—301 *et seq.*), formerly section 1 *et seq.* of "An Act in relation to the rights of mortgagees ***" (Ill. Rev. Stat. 1981, ch. 95, par. 22b.51 *et seq.*). Section 15—302 provides that, in proceedings filed for the foreclosure of a mortgage, the court may place the mortgagee in possession of the mortgaged premises. Under section 15—303, the court may do so upon the mortgagee's written application to be placed in possession, supported by affidavit, unless the mortgagee's application is denied under oath. Section 15—305 directs the court promptly to conduct a hearing if the right of the mortgagee to take possession is

denied. In that case, in order to place the mortgagee in possession, the court must determine that there is a reasonable probability that the mortgagee will prevail in the final hearing of the foreclosure proceedings.

In the instant case, the plaintiff filed its motion to be placed in possession on August 4, 1982. The defendants moved to strike that motion on the ground that it was substantially insufficient at law. On August 18, 1982, the court by order gave the plaintiff 14 days to amend the motion and granted the defendants seven days to respond to it. (The court's order also gave the defendants seven days from the date of the order to answer the complaint, and the defendants filed their answers on August 24, 1982.) The plaintiff filed an amended motion to be placed in possession on September 3, 1982, and on September 15, 1982, the defendants supplemented their motion to strike. On the same day, the plaintiff's response to that supplemented motion to strike was filed, and the court denied the motion to strike and denied the defendants' request to respond to or answer the plaintiff's amended motion. On September 20, 1982, the defendants filed a motion to reconsider the court's ruling, requesting leave to answer or respond to the plaintiff's amended motion to be placed in possession and indicating that they would deny the plaintiff's right to be placed in possession. The court denied the defendants' motion to reconsider and subsequently entered an order placing the plaintiff in possession.

A major thrust of the defendants' argument is that the plaintiff did not provide the court with a basis for placing it in possession. They liken a mortgagee in possession to a receiver *pendente lite*, discuss the burden of establishing the need for a receiver, and posit that the plaintiff's motion to be placed in possession did not meet that burden. The defendants apparently are challenging the court's denial of their motion to strike through this line of analysis. Generally, the denial of a motion to strike or dismiss of itself is not an appealable order (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1110), and the appellate court is without jurisdiction to consider such orders unless specific authority is conferred by statute or rule (*Savage v. Schoenstadt* (1979), 68 Ill. App. 3d 552, 554). However, as we noted, the sufficiency of the plaintiff's motion to be placed in possession is reviewable within this Rule 307(a)(4) interlocutory appeal, since it is the very basis for the order appealed from.

■ The cases relied on by the defendants hold that the party seeking the appointment of a receiver has the burden of establishing circumstances that would justify the appointment of a receiver, such as danger to the property or loss from neglect, waste, misconduct, or

insolvency, or the insufficiency of the premises to secure the payment of the mortgage debt. (*Frank v. Siegel* (1931), 263 Ill. App. 316; *Stella v. Mosele* (1939), 299 Ill. App. 53.) However, the defendants' application of these standards to the placement of a mortgagee in possession is not correct, since section 15—305 unequivocally provides that test—"a reasonable probability that the plaintiff in the foreclosure proceedings will prevail on the final hearing of the cause ***." This standard arises when a mortgagee's application to be placed in possession is denied under oath and a hearing is called for, but a mortgagee's motion to be placed in possession would not have to allege more than what need be proved when a hearing is held.

The plaintiff's amended motion to be placed in possession set forth the details of the alleged default and also charged that the real estate and building were in a complete state of disrepair, substantially diminishing the value of the property and impairing the security, as described in the accompanying amended affidavit. The alleged default itself indicated that the plaintiff would win the foreclosure hearing, so the motion was sufficient.

In addition to the defendants' challenge to the legal sufficiency of the motion, the defendants believe that they were entitled to respond to the merits of the plaintiff's amended motion after the legal sufficiency of that motion was upheld—after the defendants' motion to strike was denied. They contend that the court's refusal to allow them to controvert the allegations of the plaintiff's motion denied them due process. They further assert that the undenied matter in the verified answer to the complaint also should have precluded the trial court's disposition of the issue without a hearing in that it negated the probability of the plaintiff's ultimate success in the cause. The plaintiff argues that the defendants did, in fact, have a chance to respond, and that by filing the supplemental motion to strike rather than a specific response they elected to waive their rights to controvert the plaintiff's amended motion. Many of the statements found in the plaintiff's brief have no basis in the record on appeal and will not be considered.

No case could be found that dealt specifically with the trial court's refusal to let a party respond to the allegations of a motion following the denial of that party's motion to strike as insufficient at law, nor did the cases discussed by the parties address that issue. However, there is ample case law dealing with the effect of a motion to strike primary pleadings such as complaints and answers. The defendants' motion to strike apparently was brought under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615), formerly section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch.

110, par. 45). Generally, a section 2—615 motion attacks the legal rather than factual sufficiency of a complaint, and defenses that are factual in nature are not available on a motion to dismiss but should be set forth by answer. (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 586.) In *Swift & Co. v. Dollahan* (1954), 2 Ill. App. 2d 574, 583, the court stated:

"A motion to dismiss, as was true of the demurrer under our former practice, raises only a question of law as to the legal sufficiency of the pleading to which it is directed. *** Since the facts stated in the pleading are admitted by the motion, the maker of the motion cannot at the same time contravert the admitted facts, either by assertions in his motion or by affidavit or other means. Matters of fact may be presented only by answer or by motion for summary judgment or in an appropriate case (of which the action here involved is not one), by motion under section 48 *** ."

Moreover, a defendant whose motion to strike a complaint and dismiss the suit is denied has a right then to file an answer. *In re American Arbitration Association* (1969), 109 Ill. App. 2d 370, 375.

We perceive no reason for not applying these principles to the instant case. Although the defendants' motion to strike attacked a motion rather than a complaint, the situation is analogous to those involving complaints. The plaintiff's amended motion to be placed in possession was a request for action by the court that would substantially affect the defendants' right to the premises in question, and it recited factual allegations as a basis for the relief requested. The defendants' motion to strike challenged the legal sufficiency of the motion but did not deny the substance of the factual allegations. The court's order denying the motion to strike was simply a determination that the plaintiff's motion was legally sufficient. The defendants should then have had an opportunity to respond to the merits of the motion.

Although the trial court previously had set up a time schedule within which the defendants were to "respond" to the plaintiff's amended motion when filed, the expiration of that deadline is not enough to justify the court's refusal to grant the defendants time to answer the motion following the denial of the motion to strike. The defendants did plead, in the form of a motion to strike. The trial court's refusal to let them further respond presupposes that the defendants should have pleaded inconsistently, by filing a motion to strike that admitted the facts alleged in the plaintiff's motion for purposes of the motion to strike and also filing an answer that denied

those allegations.

It was reasonable for the defendants to wait for a ruling as to the legal sufficiency of the plaintiff's motion before proceeding to respond to it by way of answer, since such a response would have been unnecessary had the motion to strike been granted (as was the motion to strike the plaintiff's original motion to be placed in possession). Even if the time schedule set by the court contemplated that the defendants should also have filed a factual response to the plaintiff's motion within the allotted time frame, however, it was error for the court not to grant a continuance when the defendants requested more time to respond. The record is unclear as to when the court orally ruled on the plaintiff's motion to be placed in possession, but it appears that the court intended to dispose of the question of the plaintiff's right to possession on the same day it denied the defendants' motion to strike. Its order entered that day, September 15, 1982, denied the defendants' motion to strike and their request to answer or respond to the plaintiff's amended motion, and it continued the matter for the purpose of hearing testimony on the limited issue of the amount of bond to be fixed for the mortgagee in possession. Since the court was considering the bond issue, it appears that it had already concluded that the plaintiff should be placed in possession, even though the order expressly placing the plaintiff in possession was not entered until November 3, 1982. That determination, if it was in fact made then, should have been continued to allow the defendants time to respond. If the decision was not made until November 3, then there is even less reason for not allowing the defendants to respond.

■ Supreme Court Rule 183 (87 Ill. 2d R. 183) allows the court, for good cause shown, to extend the time for filing any pleading or doing any act that is required by the rules to be done within a limited period. The granting or denying of a Rule 183 motion is within the sound discretion of the trial court. (*Office Electronics, Inc. v. Grafic Forms, Inc.* (1979), 72 Ill. App. 3d 456, 459.) However, that discretion must be exercised judiciously, and the court should not refuse a continuance when the ends of justice clearly require it. (*Krych v. Birnbaum* (1978), 66 Ill. App. 3d 469, 471.) In *Krych*, the plaintiff did not respond to the defendants' affirmative defenses on the belief that they were without merit and conclusory, and as a result the defendants were granted a motion for judgment on the pleadings. The court, acknowledging that the plaintiff's silence was not the most appropriate course to pursue, nevertheless found that "the ends of justice were not served by a peremptory denial of plaintiff's right to a day in court." (66 Ill. App. 3d 469, 471.) *Krych* is distinguishable from the

instant case in that there the plaintiff had no notice of the motion for judgment on the pleadings, and here the defendants were informed by statute that if they did not deny the right to possession a hearing would not be necessary. However, in light of the nature of the motion to dismiss, the defendants' immediate request after the denial for time to respond, their subsequent motion to reconsider the denial of that request, and the importance to the parties' rights of the effect of the ruling as to possession, which would have required a hearing had the defendants denied the plaintiff's right to possession, this too is a case where the ends of justice were not met by a denial of the defendants' request. The defendants should have been granted time to respond. We therefore reverse and remand.

Because of our disposition of the first issue, we will address the second issue as to whether the plaintiff should have complied with section 2—403 of the Code of Civil Procedure in light of its conversion from a State to a Federal savings and loan association. The plaintiff challenges the appealability of this issue. The issue first arose on July 7, 1982, in the defendants' motion to require the plaintiff to amend the pleadings in light of any merger or transfer of interest. On that same date, the court ordered that the plaintiff be granted leave to file amended pleadings or in the alternative amend all pleadings on their face. On July 21, 1982, the plaintiff filed a response to the defendants' motion to require the plaintiff to amend, stating that Olympic Savings and Loan Association had been issued a Federal charter on May 5, 1982, effectively converting it to a federally chartered savings and loan association known as "Olympic Federal" and asking the court to allow its original pleadings to stand by amending all pleadings on their face to show Olympic Federal as successor to all interests of Olympic Savings and Loan Association. No order was entered to that effect, but thereafter all pleadings reflected that change.

■ The plaintiff filed its motion to be placed in possession on August 4, 1982, and the defendants' motion to strike, filed August 17, 1982, stated, *inter alia*, that the present plaintiff had failed to establish properly that it was the mortgagee as required by section 2—403 of the Code of Civil Procedure. That motion to strike was granted, and when the plaintiff filed its amended motion to be placed in possession on September 3, 1982, the defendants filed a supplement to the motion to strike, apparently renewing the objections contained in the initial motion to strike and adding others. The motion to strike as supplemented was denied on September 15, 1982. Since the objections were included by reference in the motion to strike the amended motion to be placed in possession upon which the order granting posses-

sion was based, and they go to the sufficiency of the motion, this issue is properly included in this interlocutory appeal.

The defendants argue that the plaintiff should have complied with section 2—403(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—403(a)), formerly section 22 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 22), which states:

> "The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name. Such person shall in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. The action is subject to any defense or setoff existing before notice of the assignment."

The plaintiff denies the applicability of section 2—403(a), arguing that no assignment occurred. The defendants construe that position as a judicial admission that the plaintiff is not the owner and holder of the note and mortgage securing it.

In the plaintiff's recitation of facts in its brief, it states that in the spring of 1982, Olympic Savings and Loan Association of Berwyn, Illinois, entered into a merger with two other savings and loan associations, thereby merging into Lincoln Savings and Loan Association but taking the name of Olympic Savings and Loan Association. This merger was followed in May by the conversion to a federally chartered savings and loan association, as earlier discussed.

The plaintiff relies on sections 6—9 and 6—14 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1981, ch. 17, pars. 3169, 3174), which describe the effect of merger and conversion:

> "Sec. 6—9. Effect of Merger. (a) The continuing association shall be considered the same business and corporate entity as each merging association, with all of the property, rights, powers, duties, and obligations of each merging association, except as otherwise provided by the articles of incorporation of the continuing association.
>
> (b) All liabilities of each of the merging associations shall be liabilities of the continuing association; and all of the rights, franchises, and interests of each of the merging associations in and to every kind of property, real, personal or mixed, shall vest automatically in the continuing association, without any deed or other transfer.
>
> (c) Any reference to a merging association in any writing, whether executed or effective before or after the merger, shall be deemed a reference to the continuing association, if not inconsistent with the other provisions of such writing.

(d) No pending action or other judicial proceeding to which any merging association is a party shall be abated or discontinued by reason of the merger, but may be prosecuted to final judgment, order or decree in the same manner as if the merger had not occurred.

\* \* \*

Sec. 6—14. Effect of Conversion. When an association effects a conversion in accordance with either of the two preceding sections, the corporate existence of such association shall not be interrupted; but the identity of the association shall continue, together with all of the obligations and liabilities of the association; and all of its rights, franchises, and interests in and to every kind of property, real, personal or mixed, shall continue without the necessity of a deed or other transfer. Any reference to the association before conversion, contained in any writing, whether executed or effective before or after the conversion, shall be deemed a reference also to the association after conversion, if not inconsistent with the other provisions of such writing. No pending action or other judicial proceeding to which the association is a party shall be abated or discontinued by reason of such conversion, but the same may be prosecuted to final judgment, order, or decree in the same manner as if such conversion had not occurred."

No cases could be found construing these sections, but their language is clear. A merged savings and loan association or one converted from State to Federal is an ongoing entity that retains all of its liabilities, rights, and interests in property without the need for a transfer. The plaintiff has therefore properly established itself as the current owner of the note and mortgage, and its motion to be placed in possession was not insufficient on this basis.

The order of the circuit court of Lake County placing the plaintiff in possession is reversed and the cause remanded to give the defendants an opportunity to respond to the plaintiff's motion to be placed in possession.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.