THE BROWN COUNTY STATE BANK, Plaintiff-Appellee, v. JOHN J. KEN-DRICK *et al.*, Defendants-Appellants (John J. Kendrick, Ex'r of the Estate of Lily Arlene Kendrick, *et al.*, Defendants).

Fourth District    No. 4—85—0738

Opinion filed January 28, 1986.

Robert E. Utter, of Mt. Sterling, for appellants.

Law Offices of Kanoski & Butler, P.C., of Rushville (David N. Koth, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The Brown County State Bank filed a complaint consisting of two counts to foreclose two mortgages. Subsequent to filing its complaint, the bank filed a motion to place itself as mortgagee in possession of the real estate. Defendants filed a motion to strike the plaintiff's motion for possession, which the trial court denied. Defendants then filed a sworn denial of plaintiff's request for possession. The motion for possession and the denial filed in opposition thereto were heard, evidence being presented in support of the motion for possession by plaintiff. The trial court allowed plaintiff's motion and entered an order placing plaintiff in possession of the real estate. Defendants perfected this interlocutory appeal. (87 Ill. 2d R. 307(a)(4).) We affirm.

One issue is presented on appeal. Is proof of a reasonable probability that plaintiff will prevail in a foreclosure proceeding all that is required in order for a court to place a mortgagee in possession of the real estate prior to a deficiency judgment?

The two notes and mortgages were executed by Virgil E. Kendrick who died in March of 1981. John J. Kendrick was appointed administrator of his son's estate. The other defendants are either heirs of Virgil E. Kendrick or persons having some other interest in the real estate involved.

The real estate given as security for the mortgage described in count I is a 93-acre tract, and the default is alleged to have occurred on December 15, 1983. The real estate given as security for the mortgage described in count II consists of two tracts, one being a 40-acre tract and the other being a 75-acre tract. The alleged default occurred on February 24, 1984.

The motion to place plaintiff in possession was filed prior to defendants answering the complaint. Plaintiff's motion was supported by the affidavit of Stephen T. Quinn, president of plaintiff bank. Defendants filed a motion to strike plaintiff's motion for possession which after hearing was denied by the trial court. Subsequent thereto, the hearing ensued on plaintiff's motion for possession and defendants' denial.

The placing of a mortgagee in possession of the mortgaged

premises is governed by article 15, part 3, of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 15—301 through 15—311), formerly sections 1 to 13 of "An Act in relation to the rights of mortgagees ***" (Ill. Rev. Stat. 1979, ch. 95, par. 22b.51 through 22b.63). Section 15—302 provides that, in proceedings filed for the foreclosure of a mortgage, the court may place the mortgagee in possession of the mortgaged premises. Section 15—303 then provides the court may do so upon the mortgagee's written application to be placed in possession, supported by affidavit, unless the mortgagee's application is denied under oath. Section 15—305 directs the court promptly to conduct a hearing if the right of the mortgagee to take possession is denied. In that event, in order to place the mortgagee in possession, the court must determine that there is a reasonable probability that the mortgagee will prevail in the final hearing of the foreclosure proceedings.

In the instant case, plaintiff filed its motion to be placed in possession and after defendants were unsuccessful in their motion to strike the plaintiff's motion, defendants filed a sworn denial to plaintiff's request to be placed in possession. The trial court promptly conducted a hearing on the motion and denial at which time plaintiff presented evidence. Defendant presented no evidence.

The trial court, in granting plaintiff's motion to be placed in possession of the real estate, referred to the statutes and the case of *Olympic Federal v. Whitney Development Co.* (1983), 113 Ill. App. 3d 981, 447 N.E.2d 1371.

In *Olympic Federal*, plaintiff-mortgagee sued to foreclose on its mortgage. Thereafter plaintiff moved for an order placing it in possession of the real estate. Defendants moved to strike that motion as substantially insufficient at law. The court gave plaintiff 14 days to amend the motion for possession and granted defendants seven days to respond. Shortly thereafter, defendants answered the complaint. Plaintiff filed an amended motion to be placed in possession, and defendants supplemented their motion to strike. The court denied defendants' supplemented motion to strike. The court further denied the defendants' request to respond to or answer the plaintiff's amended motion. Later defendants filed a motion to reconsider the court's ruling, requesting leave to answer or respond to plaintiff's amended motion to be placed in possession and indicating they would deny the plaintiff's right to possession. The court denied this motion to reconsider and subsequently entered an order placing the plaintiff in possession.

The appellate court reversed solely on the ground the trial court had erred in failing to give the defendants an opportunity to respond to the plaintiff's motion to be placed in possession.

The factual situation in *Olympic Federal* is decidedly different than the facts here. In the instant case, after defendants' motion to strike plaintiff's motion for possession had been denied, defendants filed a sworn denial to plaintiff's motion. Plaintiff's motion for possession and defendant's denial thereto were given an evidentiary hearing by the court. Only then did the court grant the plaintiff's motion and award possession of the real estate to plaintiff. Failure to do this was the reason the appellate court reversed the lower court in *Olympic Federal.*

■ The defendants in this case raise the same argument as that advanced by the defendants in *Olympic Federal.* In both cases the defendants argued a mortgagee is held to the same burden as a party seeking to receiver *pendente lite* to take possession of real estate in a foreclosure proceeding. The appellate court in *Olympic Federal* rejected this argument and held the test is different. The *Olympic Federal* court pointed out that section 15—305 unequivocally provides the test for granting a mortgagee possession is " 'a reasonable probability that the plaintiff in the foreclosure proceedings will prevail on the final hearing of the cause ***.' " *Olympic Federal v. Whitney Development Co.* (1983), 113 Ill. App. 3d 981, 986, 447 N.E.2d 1371, 1375.

■ Even though in *Olympic Federal* the motion to place mortgagee in possession alleged a state of disrepair of improvements on the mortgaged premises which diminished the value of the security, the appellate court in that case did not hold such allegations to be vital before granting such a motion and placing the mortgagee in possession. In fact, the court stated that "[t]he alleged default itself indicated that the plaintiff would win the foreclosure hearing, so the motion was sufficient." (*Olympic Federal v. Whitney Development Co.* (1983), 113 Ill. App. 3d 981, 986, 447 N.E.2d 1371, 1375.) This language indicates that if a mortgagee alleges and proves a default, that alone would be sufficient to place the mortgagee in possession.

■ Here plaintiff alleged and proved a default on all notes secured by the mortgages. In fact, defendants do not contest the fact of default. Section 15—305 grants to the trial court discretion, after it has determined a reasonable probability of plaintiff's success on the ultimate issue, of placing plaintiff in possession of the mortgaged premises. The court did not abuse that discretion. For the foregoing reasons we affirm.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.