2023 IL App (1st) 210710-U

No. 1-21-0710

Order filed March 8, 2023

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF VIATEUR F. O'GARA, Deceased | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Judith O'Gara, in her Capacity as Administrator of the Estate of Thomas O'Gara, Deceased, | ) ) ) ) | |
| Petitioner-Appellant, | ) ) | No. 1991 P 12802 |
| v. | ) ) | |
| LAWRENCE O'GARA, in his Capacity as Supervised Administrator with the Will Annexed De Bonis Non of the Estate of Viateur F. O'Gara, Deceased, | ) ) ) ) ) | The Honorable Kent A. Delgado, Judge Presiding. |
| Respondent-Appellee.) | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Reyes and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the decisions of the probate court to allow amendment of the petition for executor's commission and to grant the requested executor's commission in part. We dismiss for lack of jurisdiction the issues of whether the probate court erred in overruling Judith's objections to the *pro-forma* final accounting, denying Judith's motion to file a reply, denying

Judith's motion for discovery, and denying Judith's motion for subpoenas. Finally, we find that the issue of whether the May 18, 2021 order was premature is forfeited.

¶ 2     This appeal concerns part of an ongoing dispute between Judith O'Gara (Judith), in her capacity as administrator of the estate of her husband, Thomas O'Gara, deceased, and Lawrence O'Gara (Lawrence), here in his capacity as the supervised administrator with the will annexed *de bonis non* of the estate of Viateur O'Gara, deceased, regarding the administration of the estate of Viateur O'Gara (the estate). The case below concerns the sale of Viateur's home and Lawrence's alleged improper acts in the process of reopening the estate for the purpose of selling the home and in the sale process itself. Judith appeals several decisions entered by the circuit court of Cook County in an order dated May 18, 2021.

¶ 3     For the following reasons, we affirm the probate court's decision to allow amendment of the petition for executor's commission and to grant the requested executor's commission in part. We dismiss for lack of jurisdiction the issues of whether the probate court erred in overruling Judith's objections to the *pro-forma* final accounting, in denying Judith's motion to file a reply, in denying Judith's motion for discovery, and in denying Judith's motion for subpoenas.

¶ 4                                           BACKGROUND

¶ 5     As this is an interlocutory appeal, we recount only those facts relevant to resolving this appeal. Viateur O'Gara died on November 7, 1989. At the time of his death, Viateur had six surviving sons: John, James, Daniel, Thomas, Lawrence, and Martin. Viateur's will named Daniel and Thomas co-executors. Upon petition of Lawrence, as counsel for Thomas, Viateur's will was admitted to probate and opened January 8, 1992. The estate was closed September 18, 2002 on the probate court's own motion. On June 20, 2018, Lawrence, on his own behalf, filed a petition to reopen the estate for the sole purpose of administering the sale of Viateur's

home. The probate court reopened the estate and letters of office were issued to Lawrence on July 3, 2018, naming him independent administrator of the estate.

¶ 6        On September 12, 2018, Judith filed a "Petition to Terminate Independent Administration" and on September 17, 2018, the probate court granted the petition and switched the estate to supervised administration. Also on September 17, 2018, Lawrence filed a petition requesting the probate court's permission to sell Viateur's home. On November 16, 2018, the probate court approved Lawrence's petition to sell the home to Next Iteration Properties, LLC or its nominee. On April 25, 2019, Judith issued subpoenas to the title company involved in the home's sale and another title company involved in its resale six weeks later. Lawrence filed a motion to quash and, on May 9, 2019, the probate court quashed the subpoenas.

¶ 7        The probate court continued all matters in the case for an extended period of time between June 12, 2019 and November 16, 2020, during which time the parties were subject to a restriction against filing any further pleadings, motions, or other documents.

¶ 8        On January 12, 2021, Lawrence filed a petition for commission and his costs as executor, totaling $6,250, for the period from July 3, 2018, when the estate was reopened, through December 16, 2020. In her response, Judith generally objected to any grant of fees while issues concerning the administration of the reopened estate remained unresolved. None of the issues, however, concerned the requested executor's commission, costs, or any errors therein. Judith also objected to the following entries, among others, in Lawrence's billing, because they did not benefit the estate: (1) Lawrence's three entries totaling five hours for "Services" with "buyers on site," "buyers and contractor on site," and "buyer and architect on site;" (2) three entries totaling five hours for meetings with Judith, Fidelity Investments, and Chase Bank; (3) another one-hour entry for a meeting with Chase Bank; and (4) two entries for a total of three

hours for attendance at three hearings, which Judith argued were necessitated by Lawrence's own misdeeds.

¶ 9 On April 5, 2021, Lawrence filed a motion to amend his petition to change only certain dates that he realized were listed incorrectly. Judith responded, arguing that Lawrence's request to amend should not be granted because he could have clarified his entries when he replied to Judith's response to the petition. Judith also included, as part of her response, an unrelated motion to "issue subpoenas to Chase and Fidelity for all account statements and documentation" because Lawrence had failed to provide certain documents that could be produced by those entities.

¶ 10 On January 12, 2021, the probate court ordered Lawrence to file a "*pro-forma* final account with supporting documentation," which would explicitly supersede the account previously filed in 2019. In supplying the supporting documentation to accompany this account, Lawrence failed to include one monthly statement from Chase that Judith alleged had been repeatedly withheld up to that point. Judith subsequently filed a Verified Petition for Issuance of Discovery, which sought to obtain all statements for the Chase account directly from Chase, as well as "other information" from entities involved in the sale of Viateur's home, to show "breach or neglect of fiduciary duty and/or other administrator misconduct by Lawrence." The motion explains that the request for discovery directed at entities involved in the sale of the Viateur home was based in her suspicions about the sale of the home to a nominee rather than the originally named purchaser, time spent by Lawrence with the buyers after the contract for sale of the home was signed, the price for which the home was sold, and the fact that the home was resold for a significantly higher price shortly after Lawrence sold it.

¶ 11      Lawrence subsequently was granted leave to file a revised *pro-forma* final account for the stated purpose of correcting a mistake in the percent distributed to Linda O'Gara, the surviving spouse of Daniel O'Gara. Judith responded with a set of verified objections to specific details in the revised *pro-forma* final account. Lawrence responded to Judith's objections and, on May 12, 2021, Judith filed a "Motion for Leave to (1) File a Reply *Instanter* in Support of Her Verified Objections and (2) Issue Subpoenas to JP Morgan Chase, NA and Fidelity Investments."

¶ 12                                        May 18, 2021 Order

¶ 13      On May 18, 2021, the probate court entered an order rendering decisions on a number of pending motions, including, but not limited to, all of those decisions at issue in the instant appeal. In relevant part, the order read:

> "1. Judith O'Gara's Motion for Leave to File a Reply instanter in support of her verified objections and Petition for issuance of Discovery or Citation and to issue subpoenas to JP Morgan Chase, N.A. and Fidelity Investments is denied.
>
> 2. Judith O'Gara's Objections to Lawrence O'Gara's Revised Pro-Forma Final Account are overruled. Lawrence O'Gara shall provide court w/statement of Chase acct of estate of decedent for 1/17/19 – 2/15/19 within 24 hours.
>
> \*\*\*
>
> 4. Lawrence O'Gara's Motion to Amend Petition for Commissions and Costs is granted.
>
> 5. Lawrence O'Gara, Supervised Administrator *de bonis non* with Will Annexed of this Estate, is hereby awarded $512.50 for fees for services and reimbursement of

$1,000 for cash advanced to Carey White Boland Murnighan & Murray, LLC to cover costs for this Estate, for a total of $1,512.50."

¶ 14      The order stated that each of the decisions listed were for the reasons stated in open court. With regard to the probate court's decision to allow Lawrence's motion to amend his petition for executor's commission, the probate court stated: "I'm going to allow [Lawrence] to amend it. As he says in his statement, it's not amending hours. It's not amending the amount. It's simply amending what he referred to as an error with a date. So I'll allow that."

¶ 15      With regard to the decision to grant the petition for executor's commission itself, the probate court first noted that it had only reviewed the petition filed January 12, 2021, but that to the degree the petition was to be amended, it was only to change incorrect dates and the court's ruling "has nothing to do with the actual court date. My ruling has to do with the hours and what is noted. So if I get the date wrong, I've already reviewed it and I already went through it so I'm not going to go through your amended petition." The probate court then detailed a number of individual entries, reducing the hours for each before then reducing the requested rate of $150 per hour to $25 per hour, as Lawrence was serving only as executor, not as attorney for the estate.

¶ 16      Judith submitted a timely notice of appeal on June 16, 2021, and this appeal follows.

¶ 17                          ANALYSIS

¶ 18      Judith appeals only the May 18, 2021 order detailed in the facts above. On appeal, Judith contends that the probate court abused its discretion when it: (1) overruled Judith's objections to the *pro-forma* final account, "without addressing, *inter alia*, numerous irregularities in Lawrence's administration of the Viateur estate," (2) denied Judith's motion to file a reply in support of her verified objections to the *pro-forma* final account, (3) denied Judith's motion to

issue subpoenas to JP Morgan Chase (Chase) and Fidelity Investments (Fidelity), (4) denied Judith's petition to issue discovery related to the sale of the house owned by the estate, (5) allowed Lawrence to amend his petition for executor fees, (6) granted Lawrence's petition for executor fees in part "without briefing or objections by Judith or addressing, *inter alia*, numerous irregularities *** as raised in Judith's objections to the original petition." and (7) that, in the alternative (though Judith does not specify to which of her other arguments), the probate court abused its discretion when it entered the May 18, 2021 decisions regarding the *pro-forma* final account and the executor's commission "without further proceedings related to the allegations of irregularities and misconduct involving Lawrence in the Viateur Estate as well as the related Thomas Estate and Estate of James O'Gara."

¶ 19                                             I. Jurisdiction

¶ 20            Lawrence argues that this court lacks jurisdiction, as the order being appealed is not a final judgment falling within the ambit of Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016). With respect to four of the six issues Judith argues on appeal, we agree that we lack jurisdiction.

¶ 21            The docketing statement filed by Judith in this appeal lists Illinois Supreme Court Rule 303 (eff. July 1, 2017) as the rule governing the appeal. Rule 303 governs appeals taken from final judgments. An order is final if it "terminates the litigation between parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate *** part of it." *Village of Bellwood v. American Nat. Bank and Trust Co. of Chicago*, 2011 IL App (1st) 093115, ¶ 44. The order being appealed here is no such final judgment, as it did not terminate the litigation or a discrete component thereof, so Rule 303 is inapplicable. However, our supreme court has held that we are to take a liberal approach to notices of appeal with mistakes

such as this. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). In following that decision, we will consider whether we have jurisdiction to review the instant appeal under a different rule.

¶ 22    In general, a non-final order is not appealable except under the provisions of Rule 304. Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016). Rule 304(a) allows for an interlocutory appeal in instances where a final judgment is entered as to one party or claim, but fewer than all parties or claims. *Id.* However, Rule 304(a) allows such an interlocutory appeal "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." In the case at bar, no such finding was made and so we can find no jurisdiction under Rule 304(a).

¶ 23    Rule 304(b) provides a set of exceptions wherein interlocutory appeals may be pursued without the explicit finding required by Rule 304(a). Illinois Supreme Court Rule 304(b) (eff. March 8, 2016). Rule 304(b)(1) allows such an appeal with respect to "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." *Id*. As the case at bar concerns the administration of an estate, the question that remains is whether the judgments in the May 18, 2021 order finally determined a right or status of a party and therefore are appealable under Rule 304(b)(1).

¶ 24    Lawrence argues that we lack jurisdiction for all of the issues raised on appeal by Judith. Judith argues that the matter of jurisdiction was already decided when Lawrence filed a motion to dismiss the appeal in its entirety for lack of jurisdiction and this court denied the motion. Given the substantive rulings herein, that ruling was correct, as dismissal of the entire appeal was not warranted. Regardless, the denial of a motion to dismiss at the appellate stage is nonfinal and is subject to reconsideration. *American Advisors Group v. Williams*, 2022 IL App (1st) 210734, ¶ 2. Judith cites to *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25, for criteria

that constrain this court's reconsideration of a motion to dismiss, but that case is inapposite here, as it concerns a motion for reconsideration at the trial court level. The case at bar matches the facts of *Williams*. In that case, the court denied a motion to dismiss that was filed at the motions stage and later found that its decision on that motion was nonfinal and was subject to reconsideration. *Williams*, 2022 IL App (1st) 210734, ¶ 2. Further, this court is obligated to consider its jurisdiction whether it is raised by the parties or not. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Judith argues that, should the matter of jurisdiction be reconsidered, each of the decisions within the order do, in fact, finally decide her rights as a party.

¶ 25       Final determinations made on requests for attorney fees and requests for trustee fees are appealable under Rule 304(b)(1). *Lampe v. Pawlarcyzk*, 314 Ill. App. 3d 455, 470 (2000). This court's decision in *In re Estate of O'Gara*, 2022 IL App (1st) 210709, ¶ 34, extended the logic of *Lampe* to decisions on executor's commissions as well and that reasoning equally applies here. See also *In re Trusts of Strange ex rel Whitney*, 324 Ill. App. 3d 37, 41 (2001) (finding that a final decision on an issue of fees related to the administration of an estate is not collateral or incidental to the principal action and therefore subject to appeal under Rule 304(b)(1)) (citing *Estate of Kime*, 95 Ill. App. 3d 262 (1981)). Accordingly, this court possesses jurisdiction under Rule 304(b)(1) to review the probate court's decision to grant part of Lawrence's requested fees.

¶ 26       Judith asserts that we also have jurisdiction to review the probate court's decision to allow Lawrence to amend his petition for executor's commission. She cites to *In re Westphal*, 2021 IL App (2d) 190324-U, for the broad assertion that matters attendant to a matter appealable under Rule 304(b)(1) are also appealable under the rule. While *Westphal* is a non-precedential

order under Illinois Supreme Court Rule 23 (eff. Jan.1, 2021), precedential foundation for this assertion exists in *Olympic Federal v. Witney Development Co. Inc.*, 113 Ill. App. 3d 981. The court in *Olympic Federal* found that orders attendant to appealable interlocutory orders could be reviewed alongside the interlocutory orders. *Id* at 984. For example, "an interlocutory appeal from the granting of temporary injunctive relief *** necessarily brings into question the sufficiency of the complaint." *Id.* We agree that where a validly appealable order under Rule 304(b)(1) is attendant to another order subsequently decided, it may be necessary for the reviewing court to review those orders together. We disagree with Judith's argument, however, that Rule 304(b)(1) is expansive and encompasses a broad variety of orders. In the case at bar, the probate court's decision to allow amendment of Lawrence's petition for executor's commission is attendant to and inextricable from the order granting the amended petition for executor's commission. Furthermore, it would be a waste of judicial resources to review the probate court's decision on the amended petition while leaving for a future appeal the question of whether allowing amendment was proper. Accordingly, we find that we possess jurisdiction to review the probate court's decision to allow Lawrence to amend his petition for executor's commission.

¶ 27     We do not have jurisdiction, however, to consider Judith's remaining claims on appeal. The probate court's decision as to each of those four matters did not finally decide Judith's rights as a party. Judith argues that, by overruling her objections to Lawrence's *pro-forma* final accounting, by denying her motion to issue subpoenas, by denying her motion to issue discovery citations, and by denying her motion to file a reply in support of her objections, the probate court finally determined her right to object, her right to issue subpoenas, her right to seek issuance of discovery citations, and her right to file a reply, respectively. Allowing this

reasoning to support a claim of jurisdiction under Rule 304(b)(1) would undermine the rule's purpose in promoting judicial economy that Judith herself cites and would lead to the untenable result of rendering any decision on an objection or motion in a probate proceeding to be immediately subject to interlocutory appeal. Judith cites to nonprecedential case law to support her argument that this court has jurisdiction to review the probate court's decision. One case, *Cori v. Schlafly*, 2021 IL App (5th) 210146-U, is cited because the appellant therein appealed an order granting partial summary judgment and ordering the administrator of the estate to make a distribution and to provide an accounting of how that distribution was made. Summary judgment is not an issue in this appeal and therefore Judith's citation is clearly inapposite.

¶ 28 Judith further relies on the "attendant to" language of *Westphal* to establish jurisdiction for these orders as well. None of the decisions that Judith appeals are attendant to the petition for executor's commission. Each was decided at the same time and each is, in some sense or another, related to the assets of the estate, but are not connected necessarily to the petition for executor's commission, as would be required to find jurisdiction under *Olympic Federal*, 113 Ill. App. 3d at 984.

¶ 29 We now examine those issues where jurisdiction does lie with this court: Lawrence's petition for executor's commission and his petition to amend that petition.

¶ 30 II. Standard of Review

¶ 31 Both parties assert and this court agrees that the appropriate standard of review for each issue presented in the instant appeal is abuse of discretion, "the most deferential standard of review—next to no review at all." *Evans v. Cook County State's Attorney*, 2021 IL 125513 (quoting *In re D.T.*, 212 Ill. 2d 347, 356 (2007)). "An abuse of discretion occurs only when the circuit court's ruling is arbitrary or fanciful or when no reasonable person would adopt the

view of the court." *Brown v. Illinois State Police*, 2021 IL 126153 (citing *Seymour v. Collins*, 2015 IL 118432, ¶ 41).

¶ 32                    III. Amendment to the Petition for Executor's Commission

¶ 33        Judith argues that the trial court abused its discretion when it granted Lawrence's petition to amend his petition for executor's commission. She argues that the probate court's decision to grant the motion without allowing her the opportunity to file objections "deprived [her] of the opportunity to substantively respond to the modified entries." Judith does not explain how she would have responded to the amended petition before any amendment was made. Judith further argues that because the probate court granted the amended petition without her having the opportunity to review it, the probate court again deprived her of the opportunity to respond substantively to the amendment. Judith cites to *Enbridge Pipeline (Illinois), LLC v. Temple as Trustee of Carla S. Temple Family Trust*, 2019 IL App (4th) 150346 for the proposition that this appeal should be remanded to give her an opportunity to respond, but her citation is in two ways inapposite: First, it seems, based on her argument, that she intended to cite instead to the first appeal in that litigation, *Enbridge Pipeline (Illinois), LLC v. Temple as Trustee of Carla S. Temple Family Trust*, 2017 IL App (4th) 150346. Second, that case concerns a traverse hearing in the context of eminent domain, which, as the court there pointed out, constitutes the one and only opportunity for the landowner to rebut a rebuttable presumption key to whether the power of eminent domain was validly exercised. *Id.* Not only is the cited case easily distinguishable by its specific context, but there is no rebuttable presumption at issue in the case at bar.

¶ 34        Judith's actual assertion that the probate court abused its authority lacks any further citation to authority and is entirely separate. Judith asserts that "the trial court abused its discretion

when it allowed Lawrence's amended fee petition without requiring him to explain the reasons for his original errors." Accordingly, Judith has presented no actual argument that the probate court's granting Lawrence's petition to amend was an abuse of discretion. However, even if we assume this to be an error in drafting and apply an abuse of discretion standard to the probate court's decision viewed in the light of each of Judith's arguments, those regarding amendment are entirely without relevant legal support.

¶ 35    Lastly, the probate court's decision is reasonable within this particular set of facts. According to the report of proceedings, the probate court stated on the record:

> "I hadn't had the chance to review it. The one I reviewed was the petition that was filed on January 12 of 2021. Whatever dates you amended they're simply dates. I'm not -- my ruling has nothing to do with the actual court date. My ruling has to do with the hours and what is noted. So if I get the date wrong, I've already reviewed it and I already went through it so I'm not going to go through your amended petition. But I'm allowing you to file it and amend whatever the court date was."

¶ 36    While it is generally unreasonable for the court to grant a motion without reading it, the inconsequential nature of the amendment and the quagmire of objections to every detail that this case had previously presented made the decision a reasonable one. As the probate court noted, Lawrence stated in his petition to amend his petition for executor's commission that he had entered some dates incorrectly, but that the hours and content of the entries was accurate. As such, the correction of those errors would not have any impact on the amount requested in the petition for commission or that the probate court subsequently granted. The probate court's decision to move forward in the administration of this estate, within the context of the numerous motions, objections, and recriminations, was in the interest of judicial economy. If,

at the time the amended petition was submitted, it did not match Lawrence's assertions and there were, in fact, changes beyond mere corrections to dates, there would be time yet for objections and for the probate court to modify its decision. To grind the estate to a halt once again to allow Judith time to substantively respond to some changed dates would have had no meaningful impact on the outcome of the proceedings. We cannot find that the probate court's decision was arbitrary or fanciful, or that no reasonable person would have come to the same decision. Accordingly, the probate court did not abuse its discretion, and we affirm its decision to grant Lawrence's petition to amend his petition for executor's commission.

¶ 37                                              IV. Executor's Commission

¶ 38        A representative of an estate is entitled to reasonable compensation for their services. 755 ILCS 5/27-1 (West 2020).  Our court has previously held that "[f]actors which may be considered in determining the reasonableness of fees include good faith, diligence and reasonable prudence used by the attorneys; time expended; the size of the estate; the work which was done; the skills and qualifications of the counsel; the novelty and complexity of the issues confronted; and the benefits conferred on the client by the legal services rendered." *In re Estate of Halas*, 159 Ill. App. 3d 818, 832 (1987). Further, the matter of what amounts to reasonable compensation for the representative of an estate is "a matter peculiarly within the discretion of the Probate Court." *In re Estate of Brown*, 58 Ill. App. 3d 697, 706 (1978). As such, we agree with the parties that the relevant standard of review for this issue is abuse of discretion. Further, for a reviewing court to alter a probate court's allowance to an executor, "a reviewing court is required to find that the trial court's determination is manifestly or palpably erroneous." *Matter of Minsky's Estate*, 59 Ill. App. 3d 974, 978 (1978).

¶ 39    On appeal, Judith concludes that "it was an abuse of discretion to grant Lawrence's fee petition in part," but it is difficult to discern what argument Judith is making to arrive at that conclusion. Judith's brief cites to case law to establish the general legal framework around estate representatives and the factors a court should use to determine whether a representative's fees are reasonable. Judith then enumerates time entries to which she objected in the probate court and asserts with regard to each that "this time provided no apparent advantage or benefit to this Estate." In no instance does Judith provide any more in-depth examination of how the law applies to the facts of this case, nor does she provide any more specific citation to the law. She also fails to explain how the probate court incorrectly applied the law. After these recitations of fact, Judith asserts that, because Lawrence allegedly did not respond substantively to her arguments, her assertions should be deemed true under *Higgens v. House*, 288 Ill. App. 3d 543 (1997). After her citation to *Higgens*, Judith notes that the probate court "never explained how these time entries benefitted the Viateur Estate" and then concludes that the probate court abused its discretion.

¶ 40    *Higgens* concerns a matter of a failure of a party to respond to a motion for summary judgment. *Id.* at 546-47. Further, *Higgens* finds only that the court was justified in granting summary judgment after the non-moving party failed to substantiate its allegations. *Id.* The ruling in *Higgens* is inapplicable to the case at bar, and we reject Judith's assertion that the mere failure of a party to respond to a motion means that everything asserted in that motion should be accepted by the court as true. Without any argument to consider beyond Judith's *Higgens* argument, we cannot conclude that the probate court's decision was palpably erroneous, arbitrary, fanciful, nor a decision that no reasonable person would adopt.

Accordingly, the probate court did not abuse its discretion in granting Lawrence's fee petition in part.

¶ 41                                    V. Forfeiture

Lastly, Judith argues in the alternative that the probate court abused its discretion by granting Lawrence's petition for executor's commission without first resolving "all matters of Lawrence's fiduciary misconduct, and related recovery for this estate, the James Estate, and the Thomas Estate." Judith includes no legal argument or citation in her brief to support her assertion that the probate court abused its discretion.

¶ 42        "A point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument in appellate brief must be supported by citation); *People v. Ward,* 215 Ill. 2d 317, 332 (2005); In re *Marriage of Bates,* 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited"); *Rosier v. Cascade Mountain, Inc.,* 367 Ill. App. 3d 559, 568 (2006) (holding that, by failing to offer any supporting legal authority or reasoning, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *Ferguson v. Bill Berger Associates, Inc.,* 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires). Judith's final argument is therefore forfeited and will not be considered.

¶ 43                                    CONCLUSION

For the foregoing reasons, we affirm the decisions of the probate court with regard to allowing amendment of the petition for executor's commission and granting the requested executor's commission in part. We dismiss for lack of jurisdiction the issues of whether the

16

probate court erred in overruling Judith's objections to the *pro-forma* final accounting, in denying Judith's motion to file a reply, in denying Judith's motion for discovery, and in denying Judith's motion for subpoenas. We find that the issue of whether the May 18, 2021 order was premature is forfeited.

¶ 44         Affirmed in part, dismissed in part.